RECEIVED
MAR 11 2015
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

TYLER LOTHAIRE REYNOLDS,

Plaintiff,

Vs:

Civil No. 4:15.cv.70

JAY NELSON; DOT FAUST;
MICHAEL SCHIERBROCK ; and
JUDY MORRISON,

Defendants.

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES and JURY DEMAND**

*Introduction*

This is a civil rights action filed by **Tyler Lothaire Reynolds** (Reynolds), a state prisoner, for damages and injunctive relief under 42 U.S.C. §1983 alleging violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, the First Amendment, the Fourteenth Amendment, and the American Indian Religious Freedom Act, 42 U.S.C. § 1996. Reynolds is a member of the Native American Church (NAC) and is a federally registered Native American of the Winnebago Tribe. Defendants have refused to permit Reynolds to practice his religion as a member of the NAC.

*Jurisdiction*

1. This Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 28 U.S.C. §§1331 and 1343(3).

*Parties*

2. The plaintiff, Tyler Lothaire Reynolds was incarcerated at the Iowa State Penitentiary during the events described in this complaint. He resides at P.O. Box 316, Fort Madison, Iowa, 52627.

1

3. Defendant Jay Nelson is the Iowa Department of Corrections "Religious Review Coordinator." He is sued in his *individual capacity*. His place of business is 2700 Coral Ridge Avenue, Coralville, Iowa, 52241.

4. Defendant Dot Faust is the Iowa Department of Corrections "Deputy Director of Offender Services." She is sued in her individual capacity. Her place of business is DOC Central Office, 510 East 12th Street, Suite 3, Des Moines, Iowa, 50319.

5. Defendant Michael Schierbrock is the "Associate Warden of Treatment" at the Iowa State Penitentiary He is sued in his individual capacity. His place of business is at P.O. Box 316, Fort Madison, Iowa, 52627

6. Judy Morrison is the Iowa Department of Corrections *contract employee* as a "Consultant on Native American Spiritual Practices". She is sued in her individual capacity. Her place of business is15 Solar Street, Iowa City, Iowa, 52240.

7. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

*Facts*

8. Reynolds is a member of the Winnebago Tribe of Nebraska, Enrollment No. 383-UO6800 and an active member of the NAC.

9. Reynolds basic belief is that the NAC which combine Native American and Christian elements, vary from sect to sect. They involve worship of the Great Spirit, a Supreme Deity who deals with humans through various other spirits. They are characterized by a conviction that spirit moves through all things, animate and inanimate, and the living are intimately connected with the souls of the dead. A practitioner of the N.A.C. seeks vision from the Great Spirit by the use of peyote, prays to the Great Spirit with tobacco smoke and gives offerings of tobacco to spirits.

10. Reynolds essential practices and tenement materials to practice his religion are:

    a. Native American Church General paraphernalia;
    b. satchel;
    c. gourd;
    d. rattle;
    e. water drum;
    f. drum stick;
    g. staff;

  h. eagle wing – bone whistle;
  i. corn shucks;
  j. loose tobacco;
  k. bags for peyote and cedar incense;
  l. alter cloth;
  m. sage;
  n. water bucket;
  o. fire wood;
  p. ritual breakfast containers;
  q. peyote;
  r. tipi with fire pit and alter;
  s. sacred pipe;
  t. feathers;
  u. prayer blanket;
  v. meat (beef, buffalo, deer, elk)
  w. corn
  x. fruit
  y. water
  z. refrigerator;
  aa. food prep area;
  bb. fundraisers;
  cc. weekly meetings;
  dd. religious feasts during the following times:

    1. Vernal Equinox – March 20

    2. Three Day feast – Good Friday, Passover, Easter – April 6, 7 & 8

    3. Northern Solstice – June 20

    4. Autumnal Equinox – September 22

    5. Southern Solstice – December 21

    6. Christmas Day – December 25

  11. The NAC involves the use of eagle feathers and peyote both of which are a tenement central practice of the NAC. The peyote is either chewed or drank as tea.

  12. Under federal laws of handling and transporting peyote and eagle feathers Reynolds and the N.A.C. needs a federally recognized Native American with N.A.C. knowledge and federal permits to consult with the administration on matters dealing with the N.A.C.

  13. Although the Iowa State Penitentiary Officials have a *sweat lodge* for the Lakota Sioux tribes, Reynolds who is a Native American of the Winnebago Tribe, and

active participant of the NAC is unable to utilize the *sweat lodge* because the Lakota Sioux tribes have an *antipathies* toward Reynolds faith as NAC which combine Native American and *Christian* elements, as well as the fact a *tipi* is not the same thing as a *sweat lodge* and they are utilized for different reasons.

14. Reynolds religious faith requires the singing of *Christian* songs and other elements the *Christian* faith in the *tipi - that are not tolerated by the Lakota Sioux tribes, and some other Native American tribes*.

15. Additionally, the NAC *tipi* utilizes a *fire pit and a alter inside* the *tipi*, where as a *sweat lodge* involves the use of hot stones with water run over them inside the sweat lodge.

16. The NAC *fire pit* requires the use of a *half moon alter* known as the *Peyote road* again not permitted by the Lakota Sioux sweat lodge, making it impossible for Reynolds to utilize the *sweat lodge* of Lakota Sioux tribes to practice his faith as a practitioner of the NAC faith.

17. Lastly, it isn't feasible or safe for Reynolds to use the Native American sweat lodge to burn a fire inside as it is not built to accommodate a burning fire.

18. Defendants have *substantially burdened* Reynolds exercise of his NAC religion and *have prohibited him from its practice in its entirety*, by *denying him access to all and every essential tenement item or material needed to do so* as set forth above, as *well as any ability or opportunity to do so.*

19. Defendants have made no attempts at providing the *least restrictive means* of furthering the prison's compelling governmental interest, and *have denied Reynolds any means of practicing his faith as a member of the NAC in any form or fashion.*

20. Defendant's have refused to even grant Reynolds an area to practice his faith, while they have granted it to the Lakota Sioux tribes.

21. Defendant's have refused to even grant Reynolds an area to practice his faith, trying to force him to practice his faith with the Lakota Sioux tribes when such would prove to be antagonistic and repugnant to the Lakota Sioux tribes, yet Defendant's have approved three different sects of Muslims, three different sects of Jews, and two different sects of Christians to hold separate services in different areas.

22. It is a violation of the defendants own departmental policies to discriminate against Reynolds on the basis of his religion.

23. Defendants actions complained of herein conducted under the color of State law have violated Reynolds First Amendments constitutional rights (right to practice) and Fourteenth Amendments constitutional rights (equal protection) as well as the American Indian Religious Freedom Act pursuant to 42 U.S.C. §1966.

*Exhaustion of Administrative Remedies*

24. Reynolds has exhausted all necessary remedies required by federal law.

*Claims for Relief*

25. The actions of each of the defendants as complained about in paragraphs 8 through and including 22 constitute a violation of Reynolds First Amendment constitutional *right to practice* his religion as a member of the NAC.

26. The actions of each of the defendants as complained about in paragraphs 8 through and including 22 constitute a violation of Reynolds Fourteenth Amendment constitutional right to *equal protection* under the law to practice his religion as a member of the NAC the same as any other prisoner confined in the Iowa Department of Corrections.

27. The actions of each of the defendants as complained about in paragraphs 8 through and including 22 constitute a violation of Reynolds federally protected statutory rights under the American Indian Religious Freedom Act pursuant to 42 U.S.C. §1966.

*Relief Requested*

**WHEREFORE,** plaintiff requests that the court grant to following relief:

A. Issue a *declaratory judgment* stating that:

1. Defendants violated the plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution when they **substantially burdened** Reynolds exercise of his NAC religion and **have prohibited him from its practice in its entirety**, by **denying him access to all and every essential tenement item or material needed to do so as well as any ability or opportunity to do so,** as set forth above.

2. Defendants violated Reynolds federally protected statutory rights under the American Indian Religious Freedom Act pursuant to 42 U.S.C. §1966 when

5

they *substantially burdened* Reynolds exercise of his NAC religion and *<u>have prohibited him from its practice in its entirety</u>*, by *<u>denying him access to all and every essential tenement item or material needed to do so as well as any ability or opportunity to do so, through practice</u>* as set forth above.

    B.    Issue an *injunction* ordering the defendants or their agents to:

    1.    Initiate contact with a federally recognized Native American with N.A.C. knowledge and federal permits to consult with the administration on matters dealing with the N.A.C. for the purposes of permitting Reynolds to practice his religious faith as a member of the N.A.C. and that this federally recognized Native American with N.A.C. knowledge and federal permits be ordered to assist the defendants to provide Reynolds with access to all aspects of his religious needs as a member of the N.A.C. and assist defendants in addressing their governmental interests in the least restrictive means.

    2.    Immediately discontinue denying Reynolds his ability to practice his faith as a member of the N.A.C.

    C.    Award compensatory damages in the following amounts:

    1.    Award $50.000 jointly and severally against defendants Nelson, Faust and Schierbrock.

    2.    Award $100.000 jointly and severally against defendant Morrison.

    D.    Award punitive damages in the following amounts:

    1.    $20.000 against each defendant Nelson, Faust and Schierbrock.

    2.    $50.000 against defendant Morrison.

    E.    Award plaintiff costs of this action from defendants.

    F.    Grant such other relief that this Court deems the plaintiff is entitled

Respectfully submitted

*Tyler Lothaire Reynolds*
Tyler Lothaire Reynolds, #080759
Iowa State Penitentiary
P.O. Box 316
Fort Madison, Iowa, 52627

[Plaintiff]

### *Declaration*

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on ___March 2nd___, 2015.

___*/s/ Tyler Lothaire Reynolds/*___
Tyler Lothaire Reynolds, pro se

### *Person Who Assisted You on This Lawsuit*

Fellow prisoner Steven Wycoff, #13003, of the Iowa State Penitentiary assisted me in the drafting of this lawsuit, as supported by his signature below.

___*/s/ Steven Wycoff/*___,   ___March 2, 2015___
Steven Wycoff:                               Date:

Clerk of Court,

   Please file the in closed paperwork, and there is also a $200 check in closed also.

Thank You,
Tyler Reynolds
#0807595

Tyler Reynolds #0807595
I.S.P. P.O. Box 316
Ft. Madison, IA
52627

NOTICE: This correspondence
[ ] from an institutio[n]
Department of Corr[ections]

Clerk, United States District Court
Southern District of Iowa
P.O. Box 9344
Des Moines, Iowa
50306-9344

X-RAYED & CLEARED BY U.S.M.S.

U.S. POSTAGE
$02.03°
MAR 09 2015
MAILED FROM ZIPCODE 52627